IN THE DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| EUGENE AUSTIN MOORE | ) |
| Plaintiff(s), | ) |
| vs. | ) CIVIL ACTION NO. 2:12-CV-394 |
| WESTERN CAROLINA TREATMENT CENTER, INC., and ALLAN DALE NASH, M.D. | ) |
| Defendant(s). | ) |

## PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

Comes now the Plaintiff, Eugene Austin Moore, and files this Response to the Court's Show Cause Order dated September 5, 2013, Document 25. Upon the Court's Order, the plaintiff will address the following issues:

1. Why Richardson is not an indispensable party.

2. Why this Court has Subject Matter Jurisdiction.

### Issue 1: Why Richardson is Not Indispensable

Richardson is not indispensable (i.e. not necessary) for the following reasons:

A. The plain language of Rule 19(a);

B. It is not feasible to join Richardson under Rule 19(b);

C. The Supreme Court dictates that the plaintiff can choose what defendants to sue;

D. These defendants are jointly and severally liable for the plaintiff's injuries; and

E. There are other remedies available.

*A. Plain Language of Rule 19(a) Excludes Richardson as a Necessary Party*

Rule 19 of the Federal Rules of Civil Procedure governs when a party is necessary for a cause of action to go forward. Rule 19 states that:

(a) Persons Required to Be Joined if Feasible.

(1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or
(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
(i) as a practical matter impair or impede the person's ability to protect the interest; or
(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.
(2) Joinder by Court Order. If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff.

Pursuant to Rule 19(a), Richardson is not a required party. The language of the Rule contains, in essence, a condition precedent. Rule 19(a)(1) states: "A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party." In this case, Richardson would deprive the court of subject-matter jurisdiction. Accordingly, the inherent condition of the Rule itself is not satisfied to make Richardson a necessary party.

Alternatively, even if this Court finds that Richardson is necessary notwithstanding the language of Rule 19(a), the subparts of the Rule also excludes Richardson from being a necessary party to this case. Pursuant to Rule 19(a)(1), joinder of a party is only necessary if the party's absence impairs the ability to receive complete relief or if the missing party has a interest in the cause of action.

In the present case, Richardson's absence does not hinder the plaintiff's ability to receive full relief from Defendant Nash and Carolina Treatment. The defendants are still permitted to join/interplead Richardson upon their own election. Likewise, a jury will have the ability to apportion fault to the driver compared to the present defendants. Secondly, Richardson does not have an interest in the present litigation. Richardson is not a potential relative or beneficiary of the plaintiff's estate that could benefit from the litigation like many of the reported cases that used Rule 19 to dismiss a plaintiff's lawsuit.

### B. It is Not Feasible to Join Richardson

It is not "feasible" to join a person who cannot be made defendant without destroying diversity jurisdiction. *Provident Tradesmens Bank & Trust Co. v Patterson* (1968) 390 US 102, 19 L Ed 2d 936, 88 S Ct 733, 11 FR Serv 2d 400.

Rule 19(b) sets out four "tests" for Courts to determine if it is appropriate to dismiss a case when an issue of joinder arises. Rule 19(b) provides the following:

> (b) When Joinder Is Not Feasible.
> If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:
>
> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> (2) the extent to which any prejudice could be lessened or avoided by:
>     (A) protective provisions in the judgment;
>     (B) shaping the relief; or
>     (C) other measures;
> (3) whether a judgment rendered in the person's absence would be adequate; and
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Test 1 – Prejudice to the Defendants. A judgment in this case would not prejudice the existing defendants. These defendants have the ability to interplead or join Richardson on their own, without the limitations of maintaining diversity. *See* Federal Rule of Civil Procedure 14(a);

see also *Grimes v. Mazda N. Am. Operations*, 355 F.3d 566, 572 (6th Cir. Ky. 2004). More practically, however, Richardson does not have the assets or ability to significantly contribute to a judgment in this case. If anything, his absence hurts the plaintiff's case as a jury is able to find that all of the fault should lie on Richardson and return a verdict in favor of these defendants as a result of his absence.

      Test 2 – Protective Measures. These defendants are jointly and severally liable to the plaintiff for his injuries. All of the defendants – Western Carolina, Nash and Richardson – proximately caused the injuries to the plaintiff. Accordingly, a jury would be permitted to apportion fault to these defendants however the evidence leads them. Therefore, "protective measures" can be used so not to apportion undue liability on the present defendants.

      Test 3 – Contribution to Judgment. As stated above, Richardson was devoid of appreciative assets that would significantly contribute to any judgment in this case. Accordingly, his absence would not impact the plaintiff's ability to recover the judgment.

      Test 4 – Adequate Remedy. To hold that a plaintiff does not have the choice to sue whichever defendants he chooses would be contrary to a long history of established law. If the plaintiff's case were dismissed at this stage, it would effectively insulate defendants like Western Carolina and Nash from liability where their actions contribute and cause a collision in a different state. In this case, the only venue the plaintiff can sue is Federal Court. While the case was filed in Tennessee state courts, he could not reach Defendants Nash and Western Carolina. If he sued in North Carolina state court it would be improper venue and he could not reach Richardson. Accordingly, the only option this plaintiff has is to sue Richardson in state court and Western Carolina and Nash in federal court under diversity jurisdiction.

***C. Dismissing this Case on the Grounds of Rule 19 Would Violate Precedent.***

*Moore v. Western Carolina*                                                                                                   4
Response to Show Cause
Case 2:12-cv-00394-JRG-DHI   Document 26   Filed 09/12/13   Page 4 of 9   PageID #: 137

In this case, the plaintiff has now elected to sue only Defendant Nash and Defendant Carolina Treatment, excluding driver Richardson, on the grounds that they violated their duty to him to not provide intoxicants to a driver and allow them to drive on Tennessee roads. This is not a unique situation. In fact, if the Court were to dismiss this case at this time for failure to join an indispensable party, then it would effectively be violating years of integral case law, including:

1.  *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 288 (U.S. 1980) where the Court specifically noted: "The driver of the other automobile does not figure in the present litigation." The *World-Wide Volkswagen* case has been cited by the Sixth Circuit in 515 subsequent cases.

2.  *Hoffman v. Ford Motor Co.*, 493 Fed. Appx. 962 (10th Cir. 2012), where the Court acknowledged that the plaintiff settled with the driver of the other vehicle prior to filing suit against Ford Motor Company for defective seatbelts. "Shannon ultimately pled guilty to careless driving causing bodily injury. She settled with Hoffmans prior to the filing of the instant lawsuit." *Id.* at 965.

3.  *Maggard v. Ford Motor Co.*, 320 Fed. Appx. 367 (6th Cir. Tenn. 2009) where the plaintiff did not sue the at fault driver; rather, just the manufacturer. Similarly, see *Grimes v. Mazda N. Am. Operations*, 355 F.3d 566, 572 (6th Cir. Ky. 2004) as well as many other similar cases.

4.  *Noreiga v Lever Bros. Co.* (1987, SD NY) 671 F Supp 991 holding that an owner/lessor of a car is not an indispensable party warranting a dismissal under Rules 12 and 19 where the driver and the owner are jointly and severally liable.

5.  *Auslander v Khattab* (1988, SD NY) 122 FRD 148, holding that an automobile lessor is jointly and severally liable for driver's negligence and therefore need not be joined as indispensable party in action against driver by injured persons.

6.  *Bike v American Motors Corp.* (1983, ED Pa) 99 FRD 276, 37 FR Serv 2d 261, holding that Rule 19 did not alter well-established rule that litigation should normally proceed even in absence

of joint tortfeasor; even if driver error may have contributed to plaintiff's injuries in automobile accident, plaintiff who claims that manufacturer was cause of accident may assert such claim without joining vehicle's driver.

These are just a handful of the numerous cases where the plaintiff has exercised its option to sue only certain defendants and not all of the defendants that could be responsible for the plaintiff's injuries. Similarly, if this case was dismissed at this time under Rule 19, the precedent would lead to Motions to Dismiss in scores of cases where the defendants could show that another party was responsible for the plaintiff's injuries. Fortunately, the Rules of Civil Procedure provide that if the defendant wishes to shed some of the blame onto another defendant, then they can move to join a third party defendant, and they need not follow the Rules pertaining to diversity.

### *D. The Present Defendants Are Jointly and Severally Liable for the Plaintiff's Injuries.*

*Temple v. Synthes Corp.*, 498 U.S. 5, 8 (U.S. 1990), addresses this issue succinctly. In Temple, the plaintiff sued Synthes Corporation for medical malpractice, but elected not to name the doctor that actually committed the malpractice. *Id*. at 5. The defendant moved to dismiss the case pursuant to Rule 19, stating that the doctor was an indispensible party. *Id*. Following a hearing, the District Court ordered the plaintiff to join the doctor and the hospital as defendants within 20 days or risk dismissal of the lawsuit. *Id*. According to the court, the most significant reason for requiring joinder was the interest of judicial economy. *Id*. When Temple failed to join the doctor and the hospital, the court dismissed the suit with prejudice. *Id*. The U.S. Supreme Court, in a unanimous decision that only lasted for 8 pages, reversed the lower court, holding:

> No inquiry under Rule 19(b) is necessary, because the threshold requirements of Rule 19(a) have not been satisfied. As potential joint tortfeasors with Synthes, Dr. LaRocca and the hospital were merely permissive parties. The Court of Appeals erred by failing to hold that the District Court abused its discretion in ordering them joined as defendants and in dismissing the action when Temple failed to comply with the court's order. For these reasons, we grant the petition for certiorari, reverse

the judgment of the Court of Appeals for the Fifth Circuit, and remand for further proceedings consistent with this opinion.

In the present case, the present defendants, Nash and Carolina treatment are potential joint tortfeasors with Richardson, making Richardson merely a "permissive party."

These defendants had an independent duty to the plaintiff not to provide and administer the intoxicant – Mehtadone – to Richardson and then allow him to drive on Tennessee roads. It was foreseeable that Richardson would drive home after the "session" in which these defendants administered the mind-altering drug to Richardson. As a foreseeable result of these actions, these defendants are jointly and severally liable for the injuries the plaintiff sustained.

### *E. Other Remedies are Available to the Court than Dismissal of the Plaintiff's Action.*

Should this Honorable Court hold that this case cannot go forward without Richardson under Rule 19, but cannot go forward with Richardson because of diversity jurisdiction, this Court has other options than to dismiss the plaintiff's case.

Option 1: The present Defendants can Join Richardson. As stated above, pursuant to Rule 14 of the Federal Rules of Civil Procedure, the defendants can move to join Richardson without having to follow the guidelines of diversity jurisdiction.

Option 2: The Court can provide Jury Instructions that prevent any prejudice to these present defendants. At trial, if the defendant files the proper motions, the Court can instruct the jury that they can apportion fault to Richardson.

Option 3: The plaintiff's complaint about Richardson can be stricken. In the Court's Order for show cause one of the Court's concerns was that the Complaint included language, alleging fault of Richardson. The Court can, *sua sponte* or upon motion, strike these allegations from the plaintiff's complaint.

## Issue 2: Subject Matter Jurisdiction Through Diversity

Subject matter jurisdiction is established in this case under diversity of the parties. 28 USCS § 1332 (a) provides original jurisdiction of that "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) Citizens of different States. 28 USCS § 1332 (c) (1) states that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."

The present action is between Moore – a Tennessee resident – and defendants Nash and Carolina Treatment, residents and businesses in North Carolina. Likewise, the complaint alleges damages above the $75,000 minimum. Accordingly, the requirements of establishing diversity in this case are established against these present Defendants.

                Respectfully Submitted,

                LAW OFFICES OF TONY SEATON, PLLC

                _/s/ Robert Bates_____
                Tony Seaton, BPR #7279
                Robert Bates, BPR #30067
                Attorney for Plaintiff
                118 E Watauga Ave
                Johnson City, TN 37601
                (423) 282-1041

*Moore v. Western Carolina*         8
Response to Show Cause
Case 2:12-cv-00394-JRG-DHI  Document 26  Filed 09/12/13  Page 8 of 9  PageID #: 141

# **CERTIFICATE OF SERVICE**

I hereby certify that I have filed the foregoing upon with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

David A. Draper
LEWIS, KING, KRIEG & WALDROP, P.C.
One Centre Square, Fifth Floor
620 Market Street
P.O. Box 2425
Knoxville, TN 37901

Jason H. Long
Attorney for Defendant Nash
607 Market Street, Suite 900
Knoxville, TN 37902

This day being: <u>Thursday, September 12, 2013.</u>

/s/ Robert Bates_____
Robert Bates
Attorney for Plaintiff
